IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARRELL DAVIS, | : | |
| Petitioner, | : | |
| v. | : | NO. 5:13-cr-00025-CAR-CHW-2 |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## ORDER

On June 27, 2016, the Federal Defenders for the Middle District of Georgia, Inc. filed motions to correct sentence under 28 U.S.C. § 2255 on behalf of sixty-nine individuals, including the above named Petitioner. The Motion was filed in order to preserve a potential claim in light of the new rule of constitutional law announced by the Supreme Court of the United States in *Johnson v. United States*, 135 S.Ct. 2551 (2015). That new rule was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S.Ct. 1257 (2016), but the time for filing a claim under *Johnson* in a 28 U.S.C. § 2255 action is subject to the 1-year statute of limitations imposed on such claims by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. §§ 2244 & 2255. AEDPA's limitations period began running on June 26, 2015, the date the new rule was announced in *Johnson*. Thus, the motion was filed for deadline purposes while the Federal Defenders completed the process of obtaining relevant documentation and reviewing Petitioner's case for entitlement to relief under *Johnson*. This Court subsequently appointed the Federal Defenders to review Petitioner's case for potential relief under *Johnson*. See Order of Appointment, July 27, 2016.

Counsel's review process has now been completed, and counsel has concluded that Petitioner is not entitled to relief under *Johnson* because his career offender enhancement was based on prior controlled substance offenses. The United States of America agrees with the Federal Defenders' conclusion. An independent review of the docket confirms that Petitioner received his career offender enhancement in light of "two prior felony convictions of either a crime of violence or a controlled substance offense." Final PSR, p. 5. According to the Final Presentence Investigation Report, at the time of his plea in this case, Petitioner had prior convictions for Sale of Cocaine in Pulaski County. Final PSR, pp. 6-7. Because the predicate offenses sustaining Petitioner's career offender enhancement were for prior controlled substance offenses, Petitioner's case does not implicate the new rule of constitutional law announced in *Johnson*. *In re Rogers*, 825 F.3d 1335, 1339 (11th Cir. 2016) (where an ACCA predicate offense is a "serious drug offense" *Johnson* does not invalidate the sentence).

Accordingly, it is **ORDERED** that the Federal Defenders' Motion to Withdraw Document (Doc. 101) is **GRANTED**, and the placeholder Motion to Vacate under 28 U.S.C. § 2255 (Doc. 94) is hereby withdrawn. **IT IS FURTHER ORDERED** that all pending motions related to this action are **DISMISSED** as **MOOT**. Doc. 96; Doc. 97.

**SO ORDERED**, this 15th day of February, 2017.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge